# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY RIDDLE,** | ) | **CASE NO.  4:03CV0670** |
| | ) | |
| **PETITIONER,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **JIM PETRO,** | ) | |
| **OHIO ATTORNEY GENERAL, et al.,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

On April 11, 2003, Petitioner, Jeffrey Riddle, ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his criminal conviction. This case was referred to Magistrate Judge James S. Gallas for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and LR 72.1. Respondent, Ohio Attorney General Jim Petro, argued that Petitioner's application contained both exhausted and unexhausted claims. (Dkt. # 9). Petitioner moved for a stay of proceedings on August 1, 2003. (Dkt. # 21). On March 30, 2004, Magistrate Judge Gallas granted Petitioner's motion to stay his federal proceedings while he exhausted his state remedies. (Dkt. # 22). On September 7, 2006, Magistrate Judge Gallas filed a report recommending that Petitioner's application for habeas corpus be denied (Dkt. # 26). On

October 17, 2006, Petitioner filed objections to this recommendation, specifically objecting

to each and every finding of the Magistrate Judge.  (Dkt. # 28).

Petitioner raised nine grounds for relief:

Ground One: Petitioner was denied his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments when he was "charged and convicted in a state court based upon identical charges which were filed in a federal court.  This was a sham prosecution and it was a cover for a previous federal prosecution.  Petitioner's court-appointed counsel fails to raise this issue and petitioner was also denied effective assistance of counsel in that regard."

Ground Two: Petitioner was denied his constitutional rights under the Fourteenth, Fifth, and Sixth Amendments when "the trial court admitted audio tapes and written transcripts of the audio tapes" thus violating his right of confrontation and cross-examination.

Ground Three: Petitioner was denied his constitutional rights under the Sixth Amendment to effective assistance of counsel when his trial counsel "failed to move for a change of venue by reason of overwhelming pretrial publicity which saturated Mahoning County.  Petitioner's trial counsel failed to seek individual voir dire the jurors [sic] to secure a fair and impartial jury.  Moreover, counsel failed to challenge the admissibility of evidence that was offered against him.

Ground Four: Petitioner was denied due process of law pursuant to the Fourteenth Amendment "when his conviction was secured through purchased testimony by the prosecution."

Ground Five: Petitioner was denied a fair trial in violation of his Fourteenth Amendment rights "when the prosecutor was allowed to ask leading questions of witnesses which suggested the answer to be given."

Ground Six: Petitioner was denied a fair and impartial jury in violation of his Sixth and Fourteenth Amendments.

Ground Seven: Petitioner was denied a fair trial in violation of his Fourteenth Amendment.

Ground Eight: Petitioner was denied his constitutional rights under the Sixth Amendment when his "appellate counsel failed to cite to certain portions of the

record in support of claims of error."

Ground Nine: Petitioner was denied his Sixth Amendment right to a speedy trial. His motion to dismiss was denied.  Further, "court-appointed appellate counsel failed to present this issue on appeal" thus depriving Petitioner of effective assistance of counsel on appeal.

(Dkt. # 1).  In his report, the Magistrate Judge rejected each of Petitioner's grounds for relief, finding that Petitioner could not show that the state courts' adjudication of his claims resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as required by 28 U.S.C. § 2245(d)(1) and (2).  The Court has reviewed the report and recommendation of the Magistrate Judge, *de novo*.  This Court agrees with the result reached by the Magistrate Judge, however, the Court finds the report's analysis as to Grounds One and Six requires clarification.[1]

With regard to Ground One, Petitioner's Double Jeopardy and Ineffective Assistance of Counsel claim, Petitioner objects to the Magistrate's finding that Petitioner failed to establish an overriding federal interest in the state prosecution "because a prerequisite federal acquittal had not occurred."  (Dkt. # 26 at 5).  Petitioner argues that "an acquittal is not a prerequisite to invoking protections of the Fifth Amendment."  (Dkt. # 28 at 2)(emphasis omitted).  He further contends that "[t]his was clearly a successive state prosecution following a federal prosecution for substantially the same charges" and that "if the state prosecution is a sham prosecution for a federal prosecution, it would be barred."

---

[1]     The Court agrees with both the conclusion and the analysis of the Magistrate Judge as to Grounds Two, Three, Four, Five, Seven, Eight, and Nine.

(Dkt. # 28 at 2).

Though Petitioner contends that Mahoning County Prosecutor Paul J. Gains "in effect admitted[] that he was the puppet for the United States," in order to prove a "sham prosecution," Petitioner is required to "show that one sovereign was so dominated, controlled, or manipulated by the actions of the other that it did not act of its own volition." United States v. Raymer, 941 F.2d 1031, 1037 (10th Cir.1991). However, as the state appellate court determined when faced with this same argument, "cooperation and joint investigations between federal and state sovereigns does not make one sovereign the 'tool' of the other." State v. Riddle, 2001 WL 1647211*3 (citing Bartkus v. Illinois, 359 U.S. 121 (1959). Furthermore, the burden is on the petitioner to prove that state officials gave federal authorities such complete control over the case as to convert into a "cover for a federal prosecution. See Bartkus, 359 U.S. at 123-124; Raymer, 941 F.2d at 1037. Petitioner does not present the Court with any facts suggesting that the state appellate court misapplied Bartkus to the case at hand.

As to Ground Six, Petitioner objects to the Magistrate Judge's finding that the state appellate court's decision in upholding retaining the trial in Mahoning County was not an unreasonable application of established federal law. Specifically, Petitioner contends that "[t]his was one of the most publicized trials in the history of Mahoning County and notwithstanding the bias by the jurors petitioner could not receive a fair trial." (Dkt. # 28 at 12). Again, Petitioner bears the burden of showing utter corruption of the proceedings. See Dobbert v. Florida, 432 U.S. 282, 303 (1976). Merely showing that the community has

"extensive knowledge" of the alleged crimes is insufficient.  Id.  Petitioner, in his

objections, only provides the conclusory statement that given the "virtual non-stop publicity

about the case there would be no way petitioner could secure a fair and impartial jury in

these circumstances." (Dkt. # 28 at 14).  Accordingly, the Court agrees with the Magistrate

Judge's recommendation as to this ground.

Petitioner also points to statements made by potential jurors during group voir dire,

in which one potential juror stated "I say fry 'em" and another stated "[w]ith what I've read

on TV and everything else – I've followed it pretty well.  And I don't even understand why

this trial's being held again."  (Dkt. # 28 at 12).  However, the potential jurors who

expressed such bias were not seated on the jury.  Furthermore, in addressing the fact that

the remarks occurred during group voir dire, the Magistrate Judge noted that "individual

voir dire is not a constitutional requirement in a highly publicized case." Ritchie v. Rogers,

313 F.3d 948, 962 (6th Cir.2002).

Therefore, the Court finds that the report and recommendation (Dkt. # 26) is correct

in its conclusions and that Petitioner's objections are without merit.  Magistrate Judge

Gallas' report and recommendation is hereby **ADOPTED** and Petitioner's objections are

overruled.

Accordingly, Petitioner's Writ of Habeas Corpus is **DENIED.**  Furthermore, the

court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus - November 16, 2006**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**